*Monday, October 2, 1995*

## DISCIPLINARY DOCKET

**94–965.** Richland Cty. Bar Assn. v. Davis. On Application for Reinstatement. This cause came on for further consideration upon the filing of an application for reinstatement by respondent, Rees Davis, a.k.a. Rees Howell Davis, Jr.

The court comes now to consider its order of August 31, 1994, suspending respondent, Rees Davis, a.k.a. Rees Howell Davis, Jr., Attorney Registration No. 0024415, last known address in Mansfield, Ohio, from the practice of law in Ohio for two years, with one year suspended on the following conditions: during the ensuing two years, respondent (1) continue contact with the Ohio Lawyers Assistance Program, Inc. and follow its recommendation; (2) continue appropriate and successful monitoring by Russell Joshua Brown, including periodic random urinalysis; (3) attend faithfully all recommended aftercare programs as deemed appropriate by the Ohio Lawyers Assistance Program, Inc.; (4) pay restitution to clients as determined by a court of law; (5) maintain all continuing legal education requirements; and (6) consume no alcohol. The court finds that respondent has substantially complied with that order and with the provisions of Gov.Bar R. V(10)(A). Therefore,

IT IS ORDERED by the court, effective September 26, 1995, that the last year of respondent's two-year suspension be suspended and that respondent be placed on probation for one year under the same conditions that were imposed during the first year of his suspension.

IT IS FURTHER ORDERED that upon successful completion of the probationary period, respondent may apply for termination of probation pursuant to Gov.Bar R. V(9) and that the probation shall not be terminated until this court orders respondent's probation terminated.

IT IS FURTHER ORDERED that Russell Joshua Brown continue monitoring respondent and that on or before October 26, 1995, Russell Joshua Brown file with the Clerk of this court and with relator written confirmation of his acceptance to continue monitoring respondent.

IT IS FURTHER ORDERED that at the end of the probationary period, relator, Richland County Bar Association, shall file with the Clerk of this court a written report indicating whether respondent complied with the terms and conditions of probation during his probationary period.

IT IS FURTHER ORDERED that respondent shall keep the Clerk, Disciplinary Counsel, relator, and the monitoring attorney advised of any change of address where respondent may receive communications.

IT IS FURTHER ORDERED, *sua sponte*, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, *sua sponte*, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent business address respondent has given to the Attorney Registration Office.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

For earlier case, see *Richland Cty. Bar Assn. v. Davis* (1994), 70 Ohio St.3d 148, 637 N.E.2d 896.

## MISCELLANEOUS DISMISSALS